UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. ALLEN, et al.,<br><br>　　　　Defendants. | No. 1:25-cv-01088-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 2) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

On August 14, 2025, Plaintiff filed the complaint commencing this action, along with a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) A review of the Court's electronic filing system reflects that Plaintiff has suffered three of more strikes under 28 U.S.C. § 1915(g), and is not allowed to proceed in forma pauperis unless he was under imminent danger of serious physical injury at the time of filing the complaint.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir.

1

2011).  Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury.  28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007).  The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury.  The Court takes judicial notice[1] of the following United States District Court cases: (1) Jones v. Swartz, No. 2:14-cv-2877 WBS KJN (E.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 15), case dismissed on August 13, 2015, for failure to file an amended complaint (ECF No. 21)); (2) Jones v. Madden, No. 2:22-cv-1592 DAD EFB (E.D. Cal.) (case dismissed on January 31, 2024, for failure to state a claim (ECF No. 24)); (3) Jones v. Bonta, No. 2:24-cv-3338 DJC CSK (E.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 10), case dismissed on June 6, 2025, for failure to file an amended complaint (ECF No. 14)); (4) Jones v. Armenta-Morales, No. 3:24-cv-3902 CRB (N.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 11), case dismissed on January 28, 2025, for failure to file an amended complaint (ECF No. 13)); (5) Jones v. Castaneda, No. 3:24-cv-5076 CRB (N.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 10), case dismissed on January28, 2025, for failure to file an amended complaint (ECF No. 12)); and (6) Jones v. Arce, No. 3:24-cv-7346 CRB (N.D. Cal.) (complaint dismissed with leave to amend for failure to state a claim (ECF No. 6), case dismissed on March 18, 2025, for failure to file an

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 634 n.1 (N.D. Cal. 1978).

amended complaint (ECF No. 8)).[2]

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on August 14, 2025. Andrews, 493 F.3d at 1053-1056.  Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

Here, Plaintiff makes no plausible allegation that he faced an imminent danger of serious physical injury at the time he filed his complaint.  Plaintiff alleges that while he was housed at Kern Valley State Prison in November 2023, confidential information was disclosed from his central file which placed him at serious risk of physical injury.  (ECF No. 1.)  Plaintiff has alleged no facts to establish that he "faced 'imminent danger of serious physical injury' at the time of filing." See Andrews, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").  Rather, Plaintiff allegations that confidential information was disclosed to inmates occurred in 2023 at KVSP.  However, Plaintiff is currently housed at Salinas Valley State Prison.  In addition, Plaintiff does not allege there is an ongoing danger such that there is an imminent danger.  Andrews, 493 F.3d at 1056–57 ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception.").  Therefore, Plaintiff does not establish an exception to the three-strikes rule of § 1915(g), and he is precluded from proceeding in forma pauperis and must pay the filing fee for this action to proceed.

///

///

---

[2] Plaintiff was also found to be a three-strikes litigant in Jones v. Cavello, Case No. 2:25-2314-WBS-AC (E.D. Cal.), Findings and Recommendations issued on August 20, 2025.  (ECF No. 4)

## II.

## CONCLUSION AND RECOMMENDATION

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $405.00 filing fee in full if he wishes to proceed with this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 3, 2025**

STANLEY A. BOONE
United States Magistrate Judge

4